1

2                                                          **E-Filed 3/19/06**

3

4

5

6

7

8                              NOT FOR CITATION

9               **IN THE UNITED STATES DISTRICT COURT**

10            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11                          **SAN JOSE DIVISION**

12

| | |
|---|---|
| CORINNA LOVELAND, | Case Number C 07-0196 JF |
| Plaintiff, | ORDER[1] GRANTING MOTION TO REMAND |
| v. | [re: docket no. 6] |
| DAUGHTERS OF CHARITY HEALTH SYSTEM AND SAINT LOUISE REGIONAL HOSPITAL, et al., | |
| Defendants. | |

20                              **I. BACKGROUND**

21          This action arises from the termination of Plaintiff Corinna Loveland's employment by

22   Defendant Daughters of Charity Health System and Saint Louise Regional Hospital ("DCHS").

23   On December 12, 2006, Plaintiff filed the complaint in this action in Santa Clara Superior Court.

24   The complaint asserts claims for (i) retaliation in violation of the California Fair Employment

25   and Housing Act ("FEHA"), Cal. Gov. Code § 12940; and (ii) wrongful termination in violation

26   of public policy.  Plaintiff alleges that she was retaliated against after complaining of "racial

27   _____

28          [1] This disposition is not designated for publication and may not be cited.

1  slurs, hostile environment and patient safety issues." Complaint 2.[2]  On January 9, 2007, DCHS

2  answered the complaint.  *See* Certification of Interested Entities Ex. C.  On January 10, 2007,

3  DCHS removed the action to this Court on the basis that one of Plaintiff's claims is subject to

4  preemption because it is covered by the collective bargaining agreement ("CBA") between

5  DCHS and the California Nurses Association ("CNA").  DCHS certified the CNA as an

6  interested entity on the same date.  *See* Certification of Interested Entities 2.  On January 26,

7  2006, Plaintiff moved to remand the case on the ground that the Court lacks subject matter

8  jurisdiction.  DCHS opposes the motion.

9  **II. LEGAL STANDARD**

10     Pursuant to 28 U.S.C. § 1441(a), often referred to as "the removal statute," a defendant

11  may remove an action to federal court if the plaintiff could have filed the action in federal court

12  initially.  28 U.S.C. § 1441(a); *see also Ethridge v. Harbor House Restaurant*, 861 F.2d 1389,

13  1393 (9th Cir.1988).  A party may file an action in federal court if there is diversity of citizenship

14  among the parties or if the action raises a substantial federal question.  *Ethridge* at 1393.  The

15  party invoking the removal statute bears the burden of establishing federal jurisdiction.  *Id.*  The

16  removal statute is strictly construed against removal.  *Id.*  The matter therefore should be

17  remanded if there is any doubt as to the existence of federal jurisdiction.  *Gaus v. Miles, Inc.*, 980

18  F.2d 564, 565 (9th Cir. 1992).

19  **III. DISCUSSION**

20     Plaintiff asserts that DCHS may not remove the action because the claims for violation of

21  FEHA  and for violation of public policy are not preempted under section 301 of the Labor

22  Relations Management Act, 29 U.S.C. § 185(a) ("the LRMA").  DCHS responds that "Section

23  301 preempts Plaintiff's claims that she was retaliated against and terminated because of health

24  and safety concerns and/or ability to perform her job safely."  Opposition 8.  As an initial matter,

25  the Court concludes that DCHS's characterization of the complaint is incorrect.  The complaint

26

27     [2]  The complaint is attached as Ex. A to Defendant Daughters of Charity Health System
   and Saint Louise Regional Hospital's Certification of Interested Entities or Persons
28  ("Certification of Interested Entities").

1   does not seek relief on the basis that DCHS retaliated against Plaintiff because of complaints of

2   health and safety concerns, nor does it allege that Plaintiff was terminated because of her

3   inability to perform her job safely.  Instead, Plaintiff complains that DCHS retaliated against her

4   because of her complaints of racial harassment and her report to the Department of Fair

5   Employment and Housing of alleged danger to patients.  The question posed by this motion is

6   whether these claims, correctly characterized, are preempted by Section 301.

7          "[I]f the resolution of a state-law claim depends upon the meaning of a

8   collective-bargaining agreement, the application of state law (which might lead to inconsistent

9   results since there could be as many state-law principles as there are States) is pre-empted and

10  federal labor-law principles-necessarily uniform throughout the Nation-must be employed to

11  resolve the dispute." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988).

12  "[A]n application of state law is pre-empted by § 301 of the Labor Management Relations Act of

13  1947 only if such application requires the interpretation of a collective-bargaining agreement**.**"

14  *Id.* at 413.  "[E]ven if dispute resolution pursuant to a collective-bargaining agreement, on the

15  one hand, and state law, on the other, would require addressing precisely the same set of facts, as

16  long as the state-law claim can be resolved without interpreting the agreement itself, the claim is

17  'independent' of the agreement for § 301 pre-emption purposes." *Id.* at 409.  A plaintiff may not

18  avoid federal jurisdiction by omitting from the complaint allegations of federal law that are

19  essential to the claim. If the plaintiff does so, a court may construe the "artfully pleaded"

20  complaint as though it had been "well-pleaded." *Franchise Tax Bd. v. Construction Laborers*

21  *Vacation Trust*, 463 U.S. 1, 22 (1983).

22         Cal. Gov. Code § 12940(g)-(h) makes it an unlawful employment practice

23         (g) For any employer, labor organization, or employment agency to harass,
           discharge, expel, or otherwise discriminate against any person because the person
24         has made a report pursuant to Section 11161.8 of the Penal Code that prohibits
           retaliation against hospital employees who report suspected patient abuse by
25         health facilities or community care facilities.
           (h) For any employer, labor organization, employment agency, or person to
26         discharge, expel, or otherwise discriminate against any person because the person
           has opposed any practices forbidden under this part or because the person has
27         filed a complaint, testified, or assisted in any proceeding under this part.

28         The allegations in the complaint pertain to exactly the type of behavior made illegal by

3

1  these statutory sections.  Plaintiff alleges (i) that she submitted "a complaint to defendants about

2  ongoing racial slurs, hostile environment and patient safety issues," Complaint ¶ 7, (ii) that she

3  filed complaints relating to the same actions with the Department of Fair Employment and

4  Housing, Adult Protective Services, and the Board of Nursing, the Department of Health

5  Services, the Joint Commission of Hospital Accreditation, and the Equal Employment

6  Opportunity Commission, Complaint ¶¶ 9, 11-12, and (iii) that she was suspended and then

7  terminated from her employment "in retaliation for her complaints of racial harassment, her

8  complaints to the DFEH, and her complaints of ongoing retaliation which ultimately were

9  involved in the death of a patient."  Complaint ¶¶ 13-14.  While Plaintiff also alleges that she

10  was exposed to unsafe conditions, that allegation is not asserted as an independent ground for

11  relief, but as a factual allegation describing the type of retaliation she claims was undertaken by

12  DCHS.  *See* Complaint ¶ 10 (alleging that DCHS retaliated by putting Plaintiff's safety at risk).

13  From the face of the complaint, the claims for retaliation and wrongful termination in violation of

14  public policy are independent and do not require interpretation of any clause of the CBA.  There

15  is no indication that the complaint omits assertions essential to the claims and, on its face, it is

16  not subject to preemption.

17      DCHS argues that the complaint was artfully pleaded to avoid preemption.  This

18  argument suggests that in fact Plaintiff seeks relief for violations of safety provisions and

19  termination provisions contained in the CBA.  However, to reach such a conclusion, the Court

20  would not be required simply to recharacterize the claims as if they were well-pleaded; it would

21  be required to rewrite entirely the factual allegations of the complaint.[3]  It may be that Plaintiff

22  has filed *grievances* that allege facts that would support preemption, but she has not done so in

23

24

25

26      [3] DCHS suggests that the Court may assert supplemental jurisdiction over the FEHA
27  claim.  The Court could achieve this by reading alleged violations of the CBA into the complaint
   and then also taking jurisdiction over claims based on facts already in the complaint.  The Court
28  concludes that such an approach is not justified by the record.

4

1   the instant action.[4]

2      The federal removal statute allows the Court to "require payment of just costs and any

3   actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. §

4   1447(c).[5]  In this instance, the Court concludes that Defendant's decision to seek removal was

5   not unreasonable and will not require payment of costs or attorney's fees.

6                      **IV. ORDER**

7      Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to remand is

8   GRANTED.

9

10   DATED: March 19, 2007.

11

12

13                     _____

                     JEREMY FOGEL

14                      United States District Judge

15

16

17

18

19

20

21

22 _____

23     [4]  Moreover, as Plaintiff's counsel stated at oral argument, allegations of unsafe work conditions might not be covered by the CBA, as the CBA expressly excludes such disputes from

24 the scope of the grievance procedure: "Disputes concerning conditions of health and safety will not be subject to the Grievance and Arbitration Procedure of this Agreement but will be subject

25 to the applicable administrative procedure established by federal and California laws."  CBA Art.

26 23.

27     [5]  Counsel for Plaintiff declares that he spent 7.5 hours preparing the three page motion, which amounts to $2,437 in attorney's fees.  Plaintiff also anticipated spending further time

28 preparing a reply, but the Court did not receive a reply.

Case No. C 07-0196 JF
ORDER GRANTING MOTION TO REMAND
(JFLC1)

This Order has been served upon the following persons:

Harry Michael DeCourcy          hdecourcy@littler.com, fskaggs@littler.com

Thomas J. Dowdalls              tdowdalls@littler.com

Brian Stuart Kreger             briank@lambertokreger.com,

James Y. Wu                     jywu@littler.com

Case No. C 07-0196 JF
ORDER GRANTING MOTION TO REMAND
(JFLC1)